# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WAYNE J. ROBERTS,**

      **Plaintiff,**

**v.**
                                                  **Case No. 8:08-CV-120-T-17EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant**

_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the Act.[1]

The undersigned, after reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case, as well as the relevant statutory and case law, reverses the ALJ's decision to deny Plaintiff's claim and remands the case for further proceedings.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[2]

If the Commissioner committed an error of law, the case must be remanded for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 587 (11th Cir. 1987).

**Background**

Plaintiff protectively filed applications for DIB and SSI on April 11, 1997, claiming a disability onset date of January 15, 1997.  (T 298)  Plaintiff's applications were denied initially, upon reconsideration, and by the ALJ in a decision issued March 12, 1999.  (Id.)  On September 27, 2001, the Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Id.)

On August 30, 2002, this court granted Defendant's motion to remand the case for further proceedings by the ALJ.  (Id.)  The Appeals Council vacated the March 12, 1999 decision on December 23, 2002 and remanded the case to the ALJ for further proceedings.  (Id.) The ALJ denied Plaintiff's claim a second time in a decision dated July 15, 2004 (Id.)

---

[2] Decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

On March 15, 2006, this court reversed the ALJ's decision and remanded the case to the Commissioner. (T 352–362) The Appeals Council vacated the prior decision and remanded the case to another ALJ. (T 365–366) Following an administrative hearing on June 6, 2007 (T 490–527), the ALJ denied Plaintiff's claims a third time in a decision dated November 14, 2007. (T 298–307)

At the time of the June 6, 2007 hearing, Plaintiff was forty-nine years old and had a tenth-grade education. (T 304) The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2001 and that claimant had not engaged in substantial gainful activity since the onset date of his disability. (T 300) The ALJ concluded that Plaintiff had the following severe impairments: cervical disc herniation, lumbar disc bulging, and a learning disability. (T 301) The ALJ also determined that Plaintiff's vision problem was not a medically determinable impairment and that Plaintiff's depression and headaches were not "severe" as defined in the Social Security Regulations. (Id.)

The ALJ found that Plaintiff had the residual functional capacity to occasionally lift and carry up to twenty pounds and to frequently lift or carry up to ten pounds. (T 303) The ALJ determined that, in an eight-hour day, Plaintiff could stand or walk for up to six hours and sit for a total of six hours. (Id.) The ALJ found that Plaintiff required a job with a sit/stand option, occasional stooping, and limited reading and writing requirements. (Id.) Referring to testimony by a vocational expert ("VE"), the ALJ found Plaintiff's past relevant work to include home health aide, floor waxer, security guard, retail store manager, auto parts delivery driver and janitor. (T 307) The ALJ noted the VE's determination that Plaintiff's maintenance/security job was "a double job consisting of a janitor and a security guard" and concluded that "while the claimant may not be able to perform his actual past job as a janitor/security guard as actually performed, he could perform the

3

job of a security guard as it is generally performed in the national economy." (Id.) Accordingly, the ALJ found that Plaintiff was not under a disability as defined in the Act. (Id.)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## Discussion

Plaintiff alleges that the Commissioner erred by finding that Plaintiff could perform his past relevant work as a maintenance/security guard. Specifically, Plaintiff asserts the ALJ failed to recognize that this past relevant work was a composite job involving both the duties of a janitor and a security guard. Plaintiff contends the ALJ improperly bifurcated Plaintiff's composite job. Defendant, on the other hand, argues that the security guard portion of Plaintiff's job was an independent type of work.

To support a conclusion that a claimant is able to return to his past relevant work, the ALJ must consider all the duties of that work and evaluate his ability to perform those duties in spite of his impairments. Lucas v. Sullivan, 918 F.2d 1567, 1574 n. 3 (11th Cir. 1990). The claimant bears the burden of demonstrating that he cannot return to his past relevant work. Id. at 1571. For the reasons which follow, the court finds a remand necessary on the issue of whether Plaintiff is able to perform his past relevant work because the present record lacks substantial evidence to support the ALJ's finding.

Although the Eleventh Circuit has yet to formulate a test to identify composite jobs, case law from the Middle District of Florida and other jurisdictions proves instructive. When examining a composite job, an ALJ must consider a claimant's actual responsibilities because "every occupation consists of a myriad of tasks, each involving different degrees of physical exertion." Gregory v.

4

Astrue, No. 5:07-CV-19-Oc-GRJ, 2008 WL 4372840 at * 6 (M.D. Fla. Sept. 24, 2008).  To classify

a claimant's past relevant work according to the least demanding function of claimant's past

occupations is contrary to the Act.  Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985).  In

deciding whether claimant can perform his past relevant work, an ALJ may not separate a composite

job into two jobs and fail to focus on all the demands of the composite job.  Bechtold v. Massanari,

152 F. Supp. 2d 1340, 1345-46 (M.D. Fla. 2001), aff'd sub nom Bechtold v. Barnhart, 31 F. App'x

202 (Table 2001) (ALJ improperly divided claimant's past job as a file clerk into two separate jobs

of file clerk and telephone clerk).[3]  Thus, where an individual cannot perform any of his previous

jobs, but only one or more tasks associated with his past relevant work, step four of the sequential

evaluation must be resolved in favor of the claimant.  Valencia, 751 F.2d at 1087 (it was an error

to conclude that claimant could perform duties of agricultural worker merely because he could

perform the task of tomato sorting).

At the administrative hearing, Plaintiff testified that he worked as a "maintenance/security

guard" for a condominium association and wore a uniform bearing the designation

"maintenance/security." (T 515) When asked if the maintenance and security work were performed

simultaneously, Plaintiff responded that they were "one job" and that he was performing both

maintenance and security work.  (Id.)  Furthermore, Plaintiff distinguished his security duties from

his maintenance tasks.  (T 515–519)  The security portion of Plaintiff's job required that Plaintiff

patrol the condominium grounds.  (T 516) Approximately every forty-five minutes Plaintiff would

"make his rounds" through the condominium building from top to bottom and walk through the

---

[3]  See e.g., Armstrong v. Sullivan, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993)(ALJ improperly divided composite job of cook/cashier into two jobs and focused on less demanding job of cashier); Taylor v. Bowen, 664 F. Supp. 19, 22–23 (D. Me. 1987)(ALJ improperly separated past position of office worker/receptionist and focused only upon demands of receptionist job).

parking lot. (T 517) By contrast, the maintenance portion of Plaintiff's job required that he repair

sprinklers, cut grass, pick up papers, and perform other general grounds-keeping work. (T 518–520)

The VE testified regarding the nature of Plaintiff's job. In response to a question by the ALJ

concerning how often Plaintiff would interact with people during the security portion of his job, the

VE stated:

> I would say, based upon the job description, it would be an infrequent basis only
> because I don't think too many people are going to be there where you have to talk
> to them about being in the wrong place at the wrong time, I wouldn't think . And,
> and the other part of the job is, is a maintenance. It's actually a double job.
> Maintenance.[4] (T 523)

The VE also classified Plaintiff's job at the condominium association as a "security guard" with light

exertional duties and "janitor/cleaner" with medium exertional duties. (T 399)

In addition to providing maintenance and security services to the condominium association,

Plaintiff performed "Mall Maintenance & Security" at a shopping mall from January, 1990 until

May, 1991. (T 90) The record does not indicate the duties associated with this job or whether these

tasks differed from Plaintiff's maintenance/security guard job at the condominium association.[5]

Moreover, the ALJ did not address this mall maintenance/security position in his decision.

In reference to Plaintiff's ability to perform his prior jobs, the VE stated that given Plaintiff's

sit/stand requirement, Plaintiff would not be capable of performing the job of janitor. (T 503) The

ALJ asked the VE, "So, essentially, as I understand your testimony in response to the hypothetical

---

[4]    While Plaintiff describes his job as "maintenance," the VE assigned the Dictionary of
Occupational Titles ("DOT") designation of "janitor" to Plaintiff's prior job because the "janitor"
designation "fits exactly" with Plaintiff's maintenance job duties. (T 523) See DOT number
382.664-010(describing the "janitor"occupation as maintaining a building and performing
maintenance-related activities) (4th ed. 1991) (available at http://www.oalj.dol.gov/libdot.htm).

[5] The VE does mention Plaintiff's prior mall maintenance position at a strip mall in 1993. (T 90,
523)

then, the individual could really – would really be capable of performing all of the past work except for the waxer and the janitor/cleaner?" (Id.) The VE responded, "Yes, Sir. I think those jobs would be least likely to allow any, any sitting time at all." (Id.)

Based on the record, there is no substantial evidence to support the ALJ's finding that Plaintiff can perform his past relevant work as a "security guard as generally performed in the national economy." (T 307) The testimony of Plaintiff and the VE establishes that Plaintiff's maintenance/security guard job at the condominium association was a composite job. Plaintiff's maintenance/security job included a mixture of duties, involving light and medium exertion levels. As such, the ALJ erroneously bifurcated Plaintiff's composite job into two jobs and inappropriately focused on the less demanding security duties in order to find Plaintiff capable of performing his past relevant work. Although Plaintiff could perform the light exertional duties associated with his maintenance/security guard job, Plaintiff was incapable of performing the more demanding maintenance duties of this job.

It is well established that the ALJ has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Indeed, the ALJ must develop facts fully and fairly and probe conscientiously for all relevant information, even where claimant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In this case, there is no record evidence pertaining to Plaintiff's ability to perform his prior mall maintenance/security position. Similarly, there is no evidence as to whether this maintenance/security job at a shopping mall was a composite job. Thus, because the ALJ failed to develop the record regarding all of Plaintiff's prior relevant work, the decision of the ALJ is reversed and remanded.

On remand, the ALJ must determine if Plaintiff has the residual functional capacity to

perform his past relevant work, either as actually performed or as generally performed in the economy. See Jackson v. Bowen, 801 F.2d 1291, 1293–1294 (11th Cir. 1986). In determining whether Plaintiff can perform his past relevant work, the ALJ should develop the record regarding Plaintiff's mall maintenance/security job, and then determine whether this work was a composite job and, if so, whether Plaintiff has the residual capacity to perform the exertional demands of all the tasks of the composite job.

## Conclusion

As discussed above, the Commissioner's decision is remanded for additional fact-finding as is necessary to complete the sequential evaluation. In reaching this conclusion, however, this court expresses no views as to what the outcome of the proceedings should be. At the reopened hearing, each party shall have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) The decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2) the Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006).

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of March, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge

9